UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN R. WADLOW, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation; PERFORMANCE AUTOMOTIVE GROUP, INC., a California Corporation dba ELK GROVE FORD; and DOES 1 through 10, inclusive, <br><br> Defendants. | No. 2:18-cv-02016-MCE-CKD <br><br> **MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Calvin R. Wadlow ("Plaintiff") seeks damages from Defendants Ford Motor Company ("Ford") and Performance Automotive Group, Inc. dba Elk Grove Ford ("Elk Grove Ford") stemming from Plaintiff's purchase of a vehicle he alleges was defective. The jurisdiction of this Court is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff contends, however, that Defendants' removal of their case from state court was improper. According to Plaintiff, because Elk Grove Ford is in fact a viable defendant in this matter Defendants cannot disregard its citizenship for diversity purposes and thereby invoke federal jurisdiction. Plaintiff consequently now moves to remand their lawsuit back to state court where it originated, and requests attorney's fees associated with having to file their motion. As set forth

1

below, while Plaintiff's Motion for Remand is GRANTED, his request for attorney's fees is DENIED.[1]

**BACKGROUND**[2]

On June 18, 2018, Plaintiff, who is a California resident, filed a complaint in the Superior Court of the State of California, County of Sacramento, for claims arising from his purchase of a Ford truck on or about March 18, 2009. Plaintiff named two Defendants, Ford, a Delaware corporation with its principal place of business in Michigan, and Elk Grove Ford, a California corporation. Plaintiff asserted causes of action against Ford for violations of the Song-Beverly Consumer Warranty Act for breach of express and implied warranty, as well as additional causes of action sounding in fraud, misrepresentation, and concealment. According to Plaintiff, Ford knowingly concealed that the truck's engine and transmission were defective and dangerous, and they suffered injury because of their reliance on Ford and its agents' omissions and misrepresentations regarding the allegedly defective engine. It is unclear, however, what specific causes of action are pleaded against Elk Grove Ford.

In the Motion to Remand to state court presently before the Court for adjudication, Plaintiff contends he sets out all the requisite elements for a claim for negligent repair against Elk Grove Ford, and they assert that the Complaint includes factual allegations supporting each element of Plaintiff's claim. P.'s Mot. Remand, 5-6 (ECF No. 11). Specifically, Plaintiff's Complaint describes his experience purchasing the truck from Elk Grove Ford and subsequently taking the truck to one of Ford's authorized repair facilities once the alleged defect became noticeable. ECF No. 1, Ex. C at ¶¶ 56–59. The Complaint further alleges that the facility subsequently "represented to Plaintiff that

---

[1] Having determined that oral argument would not be of material assistance, the Court submitted the matter on the briefs in accordance with E.D. Local Rule 230(g).

[2] Unless otherwise stated, the following facts are taken, at times verbatim, from Plaintiff's Complaint. (ECF No. 1, Ex. C).

2

the Vehicle had been repaired and was safe to drive." Id. at ¶ 59.  Additionally, the Complaint states that Ford, through its agents, continued to conceal the engine defect and to represent that it could be fixed.  Id. at ¶ 133.

On July 23, 2018, Ford removed the case to this Court based on diversity jurisdiction.  ECF No. 1.  In support of removal, Ford argued that Plaintiff's Complaint, with only "bare-boned, non-specific allegations" against Elk Grove Ford, fails to allege any viable cause of action directly against it.  Id. at 6.  Therefore, Ford argues, Plaintiff fraudulently joined Elk Grove Ford as a defendant solely with the purpose of destroying this Court's diversity jurisdiction.  Id.  Through the Motion to Remand now before the Court, Plaintiff argues that Elk Grove Ford is indeed a proper party for determining diversity and that its presence in the lawsuit defeats complete diversity that would otherwise exist between Plaintiff and Ford.

For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Diversity jurisdiction under 28 U.S.C. § 1332 is one of two recognized grounds for such removal. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ."  Id. at § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the

removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Despite this presumption against the propriety of jurisdiction, courts must nonetheless look beyond the labels in the complaint and realign the parties according to their real interests. See Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1157 (9th Cir. 2012) (a court is not bound by plaintiff's alignment of the parties; parties are aligned based on whether their interests coincide as to the "primary matter in dispute"); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Although the plaintiff is generally the master of his complaint, diversity jurisdiction 'cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants'"; instead, a court must realign the parties in order to safeguard against "artful pleading" and ensure an actual "collision of interest" as to the "principal purpose of the suit"); Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation."). Consequently, "[c]ourts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." Smith v. Salish Kootenai Coll., 434 F.3d 1127, 1133 (9th Cir. 2006); see also Dolch, 702 F.2d at 181 ("If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes. . . . Realignment may be required even if a diversity of interests exists on other issues.").

The court's ability to realign the parties in this regard means that "a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant." Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 745 (2014). Instead, as the Ninth Circuit has repeatedly recognized, a defendant may remove a civil action

4

against a resident defendant when the plaintiff has no basis for suing that defendant. See, e.g., Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (a non-diverse defendant may be disregarded for purposes of determining complete diversity if that defendant was fraudulently joined). Like the presumption against removal jurisdiction in the first instance, the burden of proof for a defendant claiming fraudulent joinder is a heavy one. Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990)). The removing party must demonstrate that there is no possibility the plaintiff will be able to establish a cause of action against the allegedly fraudulently joined defendant. Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing Dodson v. Siliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1998)).

"Fraudulent joinder" is nevertheless a "term of art" and has nothing to do with the "mental state" of the plaintiff. Davis v. Prentiss Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the non-diverse defendant has been fraudulently joined, the court ignores the fraudulently joined defendant's presence in the action when determining diversity. See Morris, 236 F.3d at 1067.

With these guiding principles in mind, the Court now turns to the merits of Ford's argument that remand is improper because Plaintiff fraudulently joined Elk Grove Ford solely to destroy complete diversity necessary for this Court to have subject matter jurisdiction over the case.

///

///

///

///

**ANALYSIS**

As indicated above, Ford contends that Plaintiff fraudulently joined Elk Grove Ford and argues that the Court should ignore Elk Grove Ford's citizenship when determining diversity jurisdiction. Ford claims that in addition to being devoid of any factual support, the allegations against Elk Grove Ford are also virtually identical to those pled by Plaintiff's counsel in other cases. Ford's arguments are ultimately unpersuasive.

Ford fails to meet the heavy burden required to demonstrate fraudulent joinder. See Plute, 141 F. Supp. 2d at 1008. Most importantly, Ford does not provide any convincing reasons why, given an opportunity to amend their Complaint, Plaintiff would be incapable of stating a claim against Elk Grove Ford. Plaintiff's current Complaint alleges facts showing they purchased the truck from Elk Grove Ford, and repeatedly took the truck to a dealer for repairs where they were told the problem with the engine was remedied. ECF No. 1, Ex. C., ¶¶ 56–59. Based on these facts, the Court cannot conclude it would be impossible for Plaintiff to state a negligent repair cause of action against Elk Grove Ford given its involvement in selling and repairing the truck. See Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (stating "a plaintiff need only have one potentially valid claim against the non-diverse defendant to survive a fraudulent joinder challenge.") (internal quotation marks omitted). Ford fails to provide any legal reason why Plaintiff would be absolutely barred from bringing a claim against Elk Grove Ford.

Plaintiff's current Complaint states that they purchased the truck from Elk Grove Ford, and upon discovering the alleged engine defect, Plaintiff brought the truck to an authorized Ford repair facility for repair. ECF No. 1, Ex. C., ¶ 56, 59. Plaintiff further alleges that the repair facility technicians worked on the truck and told Plaintiff that the truck had been repaired. Id. at ¶ 59. Given those allegations, the Court cannot rule out that Plaintiff, given the opportunity to amend the Complaint, may successfully bring a negligent repair claim against Elk Grove Ford. See generally Sw. Forest Indus., Inc. v.

Westinghouse Elec. Corp., 422 F.2d 1013, 1020 (9th Cir. 1970) ("One who undertakes repairs has a duty arising in tort to do them without negligence."); see also Tasch v. Ford Motor Co., No. 5:18-cv-00380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (holding plaintiff did not fraudulently join defendant-dealership because she could possibly amend her complaint to bring a negligent repair claim after dealership performed repairs on the vehicle).

Stated another way, Ford's arguments limit the fraudulent joinder analysis to Plaintiff's Complaint in its current form, and they fail to address the possibility that Plaintiff, given the opportunity to amend, could potentially state a colorable claim for negligent repair against Elk Grove Ford. Therefore, because Ford has failed to overcome the heavy burden required to demonstrate that Elk Grove Ford was fraudulently joined, the Court will not ignore Elk Grove Ford's citizenship in determining whether diversity jurisdiction exists. As such, the case should be remanded to state court because Ford has failed to meet its burden to establish diversity jurisdiction under 28 U.S.C. § 1332.

Although the Court concludes that Defendants' removal of this matter was ultimately improper, it declines to award attorney's fees incurred as a result of the removal, as requested by Plaintiff under 28 U.S.C. § 1447(c). An award of attorney's fees under § 1447(c) is discretionary and may be rejected where a defendant had at least a reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Given the dearth of specific allegations levied against Elk Grove Ford specifically as opposed to Ford and its representatives in only general terms, the Court does not believe that the imposition of attorney's fees is indicated.

///
///
///
///
///

**CONCLUSION**

For all the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 11) is GRANTED, except that Plaintiff's request for attorney's fees he incurred in conjunction with the Motion is DENIED.  Given remand of this matter and the fact that the Court accordingly lacks jurisdiction, all other pending motions are DENIED as moot.

The Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of Sacramento, for final adjudication.  The Clerk shall thereafter close the case in this Court.

IT IS SO ORDERED.

Dated:  April 22, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE